UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————————————

PEARL E. FUNDERBURK,                  )
                                      )
                  Plaintiff,          )       Case No. 1:16-cv-1291
                                      )
v.                                    )       Honorable Janet T. Neff
                                      )
COMMISSIONER OF                       )
SOCIAL SECURITY,                      )
                                      )
                  Defendant.          )
————————————————————)

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to supplemental security income (SSI) benefits.  On May 28, 2013, plaintiff filed her application for SSI benefits.  Plaintiff alleged a March 25, 2011, onset of disability.  (ECF No. 7-5, PageID.233-38).  Her claim was denied on initial review.  (ECF No. 7-4, PageID.160-63).  On April 17, 2015, she received a hearing before an ALJ.  Plaintiff amended her claim to allege a May 28, 2013, onset of disability.  (ECF No. 7-2, PageID.80-116)  On May 8, 2015, the ALJ issued his decision finding that plaintiff was not disabled.  (Op., ECF No. 7-2, Page ID.63-75).  On August 2, 2016, the Appeals Council denied review (ECF No. 7-2, PageID.44-46), and the ALJ's decision became the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision.  Plaintiff argues that the Commissioner's decision should be overturned on

the following grounds:

    I.     The ALJ failed to properly assess the factors listed in 20 C.F.R. § 416.929(c)(3).

    II.    The ALJ's factual finding regarding plaintiff's residual functional capacity is not supported by substantial evidence.

    III.   The ALJ failed to properly assess the "opinion of record."

(Plf. Brief at 1, ECF No. 11, PageID.1427). I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to

-2-

reversal merely because there exists in the record substantial evidence to support a different conclusion.  . . .  This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73.  "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").  "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff had not engaged in substantial gainful activity from May 28, 2013, through the date of the ALJ's decision.  (Op. at 4, ECF No. 7-2, PageID.66).  Plaintiff had the following severe impairments:  degenerative disc disease, right shoulder bursitis, obesity, depression, and anxiety.  (*Id.*)  Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listing impairment.  (*Id.*).  The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of sedentary work with the

following exceptions:

> The claimant can frequently reach overhead and in all other directions
> with her right upper extremity.  The claimant can occasionally climb
> ramps and stairs, balance, stoop, kneel, crouch and crawl, but she
> cannot climb ladders and scaffolds and cannot balance on uneven,
> slippery, or narrow surfaces.  The claimant must never be exposed to
> unprotected heights, moving mechanical parts, and operation of a motor
> vehicle.  The claimant can tolerate frequent exposure to extreme cold
> and vibration.  The claimant can occasionally respond appropriately to
> supervisors and the public.

(Op. at 6-7, ECF No. 7-2, PageID.68-69).  The ALJ found that plaintiff's testimony

regarding her subjective limitations was not fully credible.  (*Id.* at 7-11, PageID.69-

73).  Plaintiff has no past relevant work.  (*Id.* at 12, PageID.74).

The ALJ considered the testimony of a vocational expert (VE).  In response to

a hypothetical question regarding a person of plaintiff's age with her RFC, education,

and work experience, the VE testified that there were approximately 461,000 jobs

that exist in the national economy that hypothetical person would be capable of

performing.  (ECF No. 7-2, PageID.111-13).  The ALJ found that this constituted a

significant number of jobs and found that plaintiff was not disabled.  (Op. at 12-13,

ECF No. 7-2, PageID.74-75).

## 1.

Plaintiff argues that the ALJ made an erroneous assessment of plaintiff's

credibility because he failed to properly assess the factors listed in 20 C.F.R.

§ 416.929(c)(3).  (Plf. Brief at 8-13, ECF No. 11, PageID.1434-39; Reply Brief at 1-3,

ECF No. 13, PageID.1467-1469).

Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed[.]" *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir.2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually unchallengeable.' "). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that Social Security Ruling 96-7p requires that the ALJ explain his credibility determination, and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248. The ALJ gave a lengthy and detailed explanation of his factual findings regarding plaintiff's credibility and his findings are supported by more than substantial evidence. (Op. at 5-8, ECF No. 7-2, PageID.62-65).

Plaintiff argues that the ALJ mischaracterized the record and discussed only the evidence that favored his conclusion. (Plf. Brief at 9, ECF No. 11, PageID.1435). Arguments that the ALJ mischaracterized or "cherry picked" the administrative record are frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence." *White v. Commissioner*, 572 F.3d 272, 284 (6th Cir. 2009). The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence deciding questions of credibility, or substituting the court's judgment for that of the ALJ. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012).

The ALJ gave appropriate consideration to plaintiff's work history in evaluating the credibility of plaintiff's subjective complaints. *See* 20 C.F.R. § 416.929(c)(3); *see also Cain v. Commissioner*, No. 1:16-cv-1071, 2017 WL 4129399,

at *6 (W.D. Mich. Sept. 19, 2017) (The ALJ could properly consider plaintiff's lack of employment and underemployment "as evidence of her lack of motivation to work or a lifestyle choice rather than as a result of a disabling condition."); *Jackson v. Berryhill*, No. 6:16-cv-74, 2017 WL 4323581, at *5 (E.D. Ky. Sept. 28, 2017) ("It is appropriate for an ALJ to consider poor work history when evaluating credibility.") (citation and quotation omitted).

Plaintiff argues that the ALJ committed error when he found that the record includes evidence that strongly suggests that plaintiff may be exaggerating her symptoms.  (Plf. Brief at 10, ECF No. 11, PageID.1436).   The evidence in the administrative record supports the ALJ's finding.  (See ECF No. 7-7, PageID.489-90; ECF No. 7-11, PageID.945; ECF No. 7-12, PageID.1020; ECF No. 7-15, PageID.1418).

Plaintiff argues that the ALJ failed to properly assess her treatment and medication effectiveness for her back pain under 20 C.F.R. § 416.929(c)(3), and that he failed to properly assess the effectiveness of her surgeries.  (Plf. Brief at 12-13, ECF No. 11, PageID.1438-39).   The ALJ considered plaintiff's symptoms and the extent to which they could reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR § 416.929 and SSR 96-4p and 96-7p.  (Op. at 7, ECF No. 7-2, PageID.69).   He considered plaintiff's history of surgical and non-surgical treatment history.  (*Id.* at 7-12, PageID.69-74).   He addressed plaintiff's spinal impairments by restricting her to a limited range of sedentary work with postural limitations.  (*Id.* at 9, PageID.71).   He considered the possible side effects of plaintiff's medications and imposed a restriction

-7-

prohibiting plaintiff from working around unprotected heights and moving mechanical parts or operating a motor vehicle. (*Id.*). Notably, the ALJ imposed a restriction against operating a motor vehicle, despite plaintiff's testimony that she had a driver's license and she continued to drive three times a week. (ECF No. 7-2, PageID.88-89). I find no error.

In summary, the ALJ gave a more than adequate explanation of his factual finding regarding plaintiff's credibility and his finding is supported by more than substantial evidence.

## 2.

Plaintiff's second claim of error is that the ALJ's factual finding regarding her residual functional capacity (RFC) is not supported by substantial evidence. She argues that her RFC should have included more significant limitations based on mental impairments and more significant limitations regarding her ability to sit. (Plf. Brief at 13-17, ECF No. 11, PageID.1439-43; Reply Brief at 3, ECF No. 13, PageID.1469).

RFC is the most, not the least, a claimant can do despite her impairments. 20 C.F.R. § 416.945(a)(1); *Branon v. Commissioner*, 539 F. App'x 675, 677 n.3 (6th Cir. 2013); *Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007). RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. § 416.927(d)(2); *see Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Commissioner*, 490 F. App'x 748, 754

-8-

(6th Cir. 2012). If the record contains "conflicting evidence that would suggest further limitations, under the substantial evidence standard, administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." *Id.*

A.    RFC Restrictions Stemming from Mental Impairments

The ALJ included restrictions in plaintiff's RFC that she could occasionally respond appropriately to supervisors and the public. (Op. at 7, ECF No. 7-2, PageID.69).  The ALJ gave great weight to an August 29, 2013, consultative examination by Ms. Anne Kantor. She had offered a diagnosis of dysthymic disorder, panic disorder, and a generalized anxiety disorder. "Ms. Kantor concluded that the claimant is capable of understanding, remembering, and carrying out instructions and making decisions regarding work related matter, but she may have moderate difficulty interacting appropriately with others in the workplace due to factors associated with her chronic depression and anxiety." (*Id.* at 10, PageID.72).

Plaintiff argues that the ALJ's decision should be overturned because his factual finding regarding her RFC did not include a restriction on interaction with others. (Plf. Brief at 14, ECF No. 11, PageID.1440). This argument is not persuasive. Mr. Kantor expressed a potential area of concern regarding interaction with others given plaintiff's lack of prior work. "[S]he has no history of successful employment." (ECF No. 7-7, PageID.519). The ALJ took Ms. Kantor's concern into consideration, as well as other evidence, such as the opinion of state agency psychological consultant William Schirado, Ph.D., and the evidence regarding plaintiff's mental health

-9-

treatment after the consultative examination performed by Ms. Kantor.  (Op. at 10,
ECF No. 7-2, PageID.72).

Next, plaintiff offers a passing argument that the ALJ's finding regarding her
RFC "is not based on any medical opinion of record."  (Plf. Brief at 15, ECF No. 11,
PageID.1441).  An argument that "the ALJ's RFC lacks substantial evidence because
no physician opined that [plaintiff] was capable of such work" does not provide a basis
for disturbing the Commissioner's decision.  *Shepard v. Commissioner*, 705 F. App'x
435, 442-43 (6th Cir. 2017).  "The ALJ is charged with the responsibility of
determining the RFC based on h[is] evaluation of the medical and non-medical
evidence."  *Rudd v. Commissioner*, 531 F. App'x 719, 728 (6th Cir. 2013).  The RFC is
an "administrative finding," the decision of which is reserved to the Commissioner.
SSR 96-5p, 1996 WL 374183, at *1-2 (July 2, 1996).  " '[T]o require the ALJ to base
h[is] RFC on a physician's opinion, would, in effect, confer upon the treating source
the authority to make the determination or decision about whether an individual is
under a disability.' "  *Shepard v. Commissioner*, 705 F. App'x at 442-43 (quoting
*Rudd*, 531 F. App'x. at 728).  The ALJ did not improperly substitute his "own medical
judgment" for that of any medical expert or interpret raw medical data beyond his
ability by making a RFC determination.  See *Rudd v. Commissioner*, 531 F. App'x at
726-27.

Plaintiff argues that the ALJ erroneously found that, since the decision
denying plaintiff's last claim for SSI benefits, she had had fewer limitations.  (Plf.
Brief at 15, ECF No. 11, PageID.1441).  The ALJ was required to consider the RFC

finding made in the March 24, 2011, decision (ECF No. 7-3, PageID.121-31) denying plaintiff's earlier claim for SSI benefits.  *See Drummond v. Commissioner*, 126 F.3d 837, 842 (6th Cir. 1997).  The ALJ found that treatment records since the earlier decision warranted additional physical restrictions.  (Op. at 8, ECF No. 7-2, PageID.70).  Plaintiff disagrees with the ALJ's finding that, since the earlier decision, plaintiff had not reported significant mental complaints, had received sporadic mental health treatment for situational stressors, and had overall unremarkable mental status examinations, which supported fewer mental restrictions in plaintiff's residual functional capacity.  (*Id.*).  She points to instances where she reported anxiety and depression after her alleged onset of disability.  (Plf. Brief at 15, ECF No. 11, PageID.1441).  Plaintiff's burden is much higher than pointing to evidence on which the ALJ could have reached a different conclusion.  *See Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003).

The ALJ did not "play doctor" when he noted that plaintiff's mental health care since the decision denying her earlier claim for SSI benefits was sporadic and generally related to "situational stressors," such as her "separation from her significant other and her significant other's four children."  (Op. at 8, 10, ECF No. 7-2, PageID.70, 72).  It was appropriate for the ALJ to note that, when plaintiff complained of severe depression in December 2014, Brad Ferrari, M.D., prescribed Abilify, and when plaintiff returned a month later, she was doing better, had more interest and motivation, and less sadness.  (*Id.* at 10, PageID.72) (*see* ECF No. 7-13, PageID.1112).

-11-

B.    RFC Restrictions Regarding Plaintiff's Ability to Sit

The ALJ found that plaintiff retained the RFC for a limited range of sedentary work which included an ability to sit for a total of at least six hours in an eight-hour workday.  (Op. at 7, ECF No. 7-2, PageID.69).  Plaintiff argues that the ALJ's RFC finding failed to adequately take into account her limited ability to sit, citing the number of times she stood and the length of time she stood during her administrative hearing.  (Plf. Brief at 16-17, ECF No. 11, PageID.1442-43).  The ALJ witnessed plaintiff's movements.  (ECF No. 7-2, PageID.114).  He was not required to describe them in his opinion or credit them as an indicator of plaintiff's inability to sit for the periods specified in his finding regarding plaintiff's RFC.  The ALJ is responsible for making credibility determinations, not the Court.

Plaintiff argues that the ALJ committed error by giving substantial weight to the opinion of Saadat Abbasi, M.D., a state agency medical consultant, because she had an additional lumbar surgery and further conservative treatment after Dr. Abbasi gave his opinion.  (Plf. Brief at 17, ECF No.11, PageID.1443).  I find no error.

On October 7, 2013, Dr. Abbasi reviewed the then-available evidence and offered an opinion that plaintiff was capable of performing a limited range of sedentary work, including sitting, with normal breaks, for a total of about six hours in an eight-hour workday.  (ECF No. 7-3, PageID.148).  The ALJ considered the "L5-S1 right sided discectomy" that Dennis Syzmanski, M.D., performed on October 21, 2013, and the evidence regarding plaintiff's subsequent treatment.  (Op. at 8-9, ECF No. 7-2, PageID.70-71).  The ALJ found that Dr. Abbasi's opinion was

-12-

"consistent with the record as a whole" and based on his "particularized and detailed knowledge of the standard of disability as set forth by the Commissioner, and [] therefore accorded substantial weight in determining the [plaintiff's] residual functional capacity." (Op. at 11, ECF No. 7-2, PageID.73).

The ALJ gave an adequate explanation of his findings regarding plaintiff's RFC and his findings are supported by substantial evidence.

**3.**

Plaintiff's third claim of error s is that the ALJ "improperly discounted" the opinion of her social worker, Ms. Melissa Longley, because he noted that plaintiff's treatment by Ms. Longley was relatively infrequent and focused on relationship issues. (Plf. Brief at 18-19, ECF No. 11, PageID.1444-45). I find no error.

The treating physician rule does not apply to any opinion that Ms. Longley expressed. Social workers are not "acceptable medical sources." See 20 C.F.R. § 416.913(a), (d). There is no "treating social worker" rule. The opinions of social worker/therapists are not entitled to any particular weight. Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06-3p (reprinted at 2006 WL 2329939, at *2 (SSA Aug. 9, 2006)); *see*

-13-

*also Bliss v. Commissioner*, 406 F. App'x 541 (2d Cir. 2011) ("[T]he assessment by the social worker is ineligible to receive controlling weight because social workers do not qualify as 'acceptable medical sources.' "). The opinions of social workers fall within the category of information provided by "other sources." *See* 20 C.F.R. § 416.913(d). The social security regulations require simply that information from other sources be "considered." 2006 WL 2329939, at *3 (citing 20 C.F.R. §§ 404.1513, 416.913); *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011). This is not a demanding standard. It was easily met here.

The ALJ noted that Ms. Melissa Longley was "not an acceptable medical source." (Op. at 11, ECF No. 7-2, PageID.73). The ALJ considered the restrictions that she suggested in her responses to a Mental Residual Functional Capacity Questionnaire (ECF No. 7-15, PageID.1346-49) and found that the level of restrictions that she suggested were not consistent with her underlying treatment records. (Op. at 11-12, ECF No. 7-2, PageID.73-74).

Plaintiff invokes SSR 16-3p in support of an argument that the ALJ committed error in considering the infrequent treatment provided by Ms. Longley and in failing to consider that Medicaid covered a limited number of visits. (Plf. Brief at 18, ECF No. 11, PageID.1444). Plaintiff's reliance on SSR 16-3p is misplaced because it did not go into effect until March 27, 2017, years after the ALJ's decision. *See Social Security Ruling 16-3P Titles II and XVI: Evaluation of Symptoms in Disability Claims*, SSR 16-3p (reprinted at 2017 WL 5180304, at *1 (SSA Oct. 25, 2017)). It was entirely appropriate to consider the nature and frequency of counseling sessions in

-14-

determining the weight that should be given to Ms. Longley's opinions.  *See* SSR 06-3p, 2006 WL 2329939, at *3.

The ALJ did not "play doctor" (*see* Plaintiff's Brief at 18, ECF No. 11, PageID.1444) by observing that plaintiff's counseling sessions with Ms. Longley (ECF No. 7-15, PageID.1350-66, 1374-81) focused on relationship issues.  (Op. at 11-12, ECF No. 7-2, PageID.73-74).  The nature of the relationship was an appropriate consideration.  *See* SSR 06-3p, 2006 WL 2329939, at *3.  The ALJ did not base his finding regarding the weight to be given to Ms. Longley's opinions on his own lay medical opinion.  *See Griffin v. Commissioner*, 582 F. App'x 555, 562 (6th Cir. 2014) ("As the ALJ properly reviewed and weighed reports to make a legal determination that is supported by substantial evidence the assertion that the ALJ was 'playing doctor' is unsupported.").

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:  February 26, 2018        /s/  Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See*

*McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).